**SANDERS LAW GROUP**
Craig Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No.: 129236

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Stewart, | Case No. 5:24-cv-00884-PCP |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC** |
| v. | |
| Project 1920, Inc, | Action Filed: February 14, 2024 |
| Defendant. | Magistrate Judge: Hon. P Casey Pitts |
| | Date: June 13, 2024 |
| | Time: 10:00 am |
| | Location: |
| | Courtroom 8 – 4th Floor |
| | 280 South 1st Street |
| | San Jose, CA 95113 |

Case No. 5:24-cv-00884-PCP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

I.     INTRODUCTION .................................................................................1

II.    JURISDICTION AND VENUE ............................................................1

III.   PROCEDURAL POSTURE ..................................................................1

IV.   PARTIES .............................................................................................2

V.    STATEMENT OF FACTS ....................................................................2

VI.   ARGUMENT .......................................................................................5

A.  The Procedural Requirements for Entry of a Default Judgment Have
Been Met .................................................................................................5

B.  The Substantive Requirements for Entry of a Default Judgment Have
Been Met .................................................................................................6

C.  The *Eitel* Factors Support Entry of a Default Judgment against
Defendant ................................................................................................6

    i. Plaintiff Will Suffer Prejudice Unless a Default Judgment is Entered ........7

    ii.  Plaintiff's Claims Are Meritorious ...............................................7

    iii. The Allegations of the Complaint are Sufficient to Establish
       Claims of Direct Copyright Infringement and Violations of 17
       U.S.C § 1202 .........................................................................8

    iv. The Money at Stake Is Not Disproportionately Large ...........................9

    vi. Defendant's Default was not due to Excusable Neglect .........................11

    vii.   Policy Favoring Decisions on the Merits is not Applicable .................12

D.  Plaintiff's Request for a Default Judgment for Direct Infringement is
Appropriate .............................................................................................12

E.  Plaintiff Requests an Attorneys' Fee Award ...............................................15

F.  The Non-Exclusive Factors Support an Award of Attorney Fees to
Plaintiff ...................................................................................................16

    i.  Degree of Success Obtained .........................................................17

Case No. 5:24-cv-00884-PCP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC

ii. Frivolousness ..................................................................................17

iii. Objective Reasonableness of Factual and Legal Arguments ......................17

iv. Motivation....................................................................................17

v. Need for Compensation and Deterrence....................................................18

G. Plaintiff's Fee Request is Reasonable ............................................19

   i.Reasonableness of the Hourly Rates ...........................................19

   ii. Reasonableness of Hours Spent ...............................................21

A. Plaintiff Seeks an Award of Costs ...............................................22

VII.    CONCLUSION ........................................................................23

Case No. 5:24-cv-00884-PCP                    - i -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*ACS Recovery Servs., Inc. v. Kaplan*,
  No. CV 09-01304 JSW, 2010 WL 144816, at *6 (N.D. Cal. Jan. 11, 2010) .......9

*Amini Innovation Corp* ..........................................................................................14

*Amini Innovation Corp. v. KTY Intern. Marketing*,
  768 F.Supp.2d 1049 (C.D. Cal. 2011) ...............................................................10

*Amusement Art, LLC v. Life is Beautiful, LLC*,
  2017 WL 2259672 (C.D. Cal. May 23, 2017) ....................................................21

*Armani v. Nw. Mut. Life Ins. Co.*,
  2017 WL 3174894, (C.D. Cal. July 24, 2017)....................................................21

*Barjon v. Dalton*,
  132 F.3d 496 (9th Cir. 1997) ..............................................................................20

*Berkla v. Corel Corp.*,
  302 F.3d 909 (9th Cir. 2002) ..............................................................................16

*Blum v. Stenson*,
  465 U.S. 886  (1984)............................................................................................19

*Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*,
  No. 10–CV–419–GPC WVG, 2014 WL 5438532 (S.D.Cal. Oct. 24, 2014)......19

*Camacho v. Bridgeport Fin., Inc.*,
  523 F.3d 973 (9th Cir. 2008) ..............................................................................20

*Casella v. Morris*,
  820 F.2d 362 (11th Cir. 1987) ............................................................................16

*Chalmers v. City of Los Angeles*,
  796 F.2d 1205 (9th Cir. 1986) ............................................................... 19, 20, 21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC

*Cripps v. Life Ins. Co. of No. Am.*,

   980 F.2d 1261, 1267 (9th Cir. 1992) ........................................................7

*Danning v. Lavine*,

   572 F.2d 1386, 1388 (9th Cir. 1978) ........................................................7

*Dolman v. Agee*,

   157 F.3d 708 (9th Cir. 1998) .................................................................11

*Eitel v. McCool*,

   782 F.2d 1470, 1471-72 (9th Cir. 1986) ........................................ passim

*Ellison v. Robertson*,

   357 F.3d 1072, 1076 (9th Cir. 2004) .......................................................6

*ExperExchange, Inc. v. Doculex, Inc.*,

   No. C–08–03875 JCS, 2010 WL 1881484 (N.D.Cal. May 10, 2010)................22

*F.W. Woolworth Co. v. Contemporary  Arts, Inc.*,

   344 U.S. 228 (1952)............................................................................14

*Feist Pubs., Inc. v.  Rural Tel. Serv. Co., Inc.*,

   499 U.S. 340, 361 (1991)......................................................................8

*Fischer v. SJB-P.D. Inc.*,

   214 F.3d 1115 (9th Cir. 2000) ...............................................................22

*Fogerty v. Fantasy, Inc.,*

   510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)......................................15

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*,

   886 F.2d 1545 (9th Cir. 1989) ...............................................................15

*Gallagher v. Lions Gate Entm't Inc.*,

   No. 2:15-CV-02739-ODW-E, 2015 WL 6478210 (C.D. Cal. Oct. 27, 2015) ....16

*Geddes v. United Fin. Grp.*,

   559 F.2d 557 (9th Cir. 1977) .................................................................8

Case No. 5:24-cv-00884-PCP                     - iii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC

*Getty Images (U.S.), Inc. v. Virtual Clinics*,

  2014 WL 1116775, at *2-3 (W.D. Wa. 2014) ....................................................10

*Globe Ent. & Media, Corp. v. Glob. Images USA*,

  No. 220CV11630CASKSX, 2022 WL 2703845 (C.D. Cal. July 11, 2022) 10, 11, 13

*Harris v. Emus Records Corp.*,

  734 F.2d 1329 (9th Cir. 1984) ........................................................................14

*Hensley v. Eckerhart*,

  461 U.S. 424 (1983)........................................................................ 15, 16, 19

*Hiken v. DOD*,

  836 F.3d 1037 (9th Cir. 2016) ................................................................. 19, 20

*Historical Research v. Cabral*,

  80 F.3d 377 (9th Cir. 1996) ...........................................................................16

*Intel Corp. v. Terabyte Int'l, Inc.*,

  6 F.3d 614 (9th Cir. 1993) ............................................................................19

*Jordan v. Multnomah County*,

  815 F.2d 1258 (9th Cir. 1987) .......................................................................20

*Kerr v. Screen Extras Guild, Inc.*,

  526 F.2d 67 (9th Cir. 1975) ...........................................................................20

*Kirtsaeng v. John Wiley & Sons, Inc.*,

  579 U.S. 197, 136 S. Ct. 1979, 195 L. Ed. 2d 368 (2016)............................. 15, 18

*Kourtis v. Cameron*,

  358 F. App'x 863 (9th Cir. 2009).....................................................................22

*Los Angeles News Service v. Reuters Television Intern., Ltd.*,

  149 F.3d 987 (9th Cir. 1998) .........................................................................14

*Magnuson v. Video Yesteryear*,

  85 F.3d 1424 (9th Cir. 1996) .........................................................................18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC

*Mattel, Inc. v. MGA Entm't, Inc.*,
   705 F.3d 1108 (9th Cir. 2012) ...............................................................16
*McCulloch v.* Albert *E. Price, Inc.*,
   823 F.2d 316 (9th Cir. 1987) ...............................................................16
*Microsoft Corp. v. McGee*,
   490 F. Supp. 2d 874(S.D. Ohio 2007) ........................................... 10, 13
*Moore v. James H. Matthews & Co.*,
    682 F.2d 830 (9th Cir. 1982) ...............................................................20
*Mullane v. Central Hanover Trust Co.*,
   339 U.S. 306, 314 (1950).....................................................................11
*New Form, Inc. v. Tekila Films, Inc.*,
   357 F. App'x 10 (9th Cir. 2009)............................................................13
*Oracle United States, Inc. v. Rimini St.*,
   209 F. Supp. 3d 12005 (D. Nev. 2016)..................................................18
*PepsiCo, Inc. v. Cal. Sec. Cans*,
   238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002) ...........................................9
*Perfect 10, Inc. v. Giganews, Inc.*,
   2015 WL 1746484 (C.D.Cal March 24, 2015)................................ 19, 20
*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
   219 F.R.D. 494, 498 (C.D. Cal. 2003).....................................................7
*Roach v. Tate Publ'g & Enters.*,
   2017 U.S. Dist. LEXIS 182884 (E.D. Cal. Nov. 2, 2017)......................18
*Rolex Watch U.S.A., Inc. v. Watch Empire LLC*,
    2015 WL 9690322, at *4 (C.D. Cal., 2015) ......................................9, 10
*Rovio Entm't Ltd v. Royal Plush Toys, Inc.*,
   2014 U.S. Dist. LEXIS 37022, 2014 WL 1153780 (N.D. Cal. Mar. 20, 2014) ..14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC

*S.O.S. Inc. v. Payday, Inc.*,
   886 F.2d 1081, 1085 (9th Cir. 1989) ..................................................................8

*Sadowski v. Shivley*,
   No. 1:18-CV-01703-MC, 2019 WL 5589077, at *3 (D. Or. 2019)....................11

*Stetson v. Grissom*,
   821 F.3d 1157 (9th Cir. 2016) .........................................................................19

*Stross v. Z Lifestyle LLC*,
   2020 WL 13556135 (S.D. Cal. 2020)................................................................11

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915, 917–18 (9th Cir. 1987) ...................................................... 2, 7, 11

*Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins.
   Co.*,
   460 F.3d 1253 (9th Cir. 2006) .........................................................................22

*Twentieth Century Fox Film Corp. v. Streeter*,
   438 F. Supp. 2d 1065 (D. Ariz. 2006) ...............................................................18

*Unicolors, Inc. v. Kohl's Dep't Stores, Inc.*,
   2017 U.S. Dist. LEXIS 112576 (C.D. Cal. Jan. 27, 2017) ........................... 17, 18

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*,
   630 F.3d 1255 (9th Cir. 2011) ............................................................................8

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
   896 F.2d 403 (9th Cir. 1990) ...................................................................... 19, 20

*Universal City Studios, Inc. v. Film Ventures Int'l, Inc.*,
   543 F. Supp. 1134, 1140 (C.D. Cal. 1982) ..........................................................8

*Warner Bros. Enter. V. Caridi*,
   346 F.Supp. 2d 1068, 1074 (C.D. Cal. 2004) ..................................................9, 12

*Waters v. Mitchell*,
   No. C21-0087JLR, 2022 WL 1268169 (W.D. Wash. Apr. 28, 2022)..................8

*Yue v. Storage Tech. Corp.,*

No. C07–05850 JW, 2008 WL 4185835 (N.D.Cal. Sept.5, 2008) ......................22

**Statutes**

17 U.S.C.

§ 1203(b)(5) ................................................................................15
§ 504(a)-(b) ................................................................................15
§ 504(c) ................................................................................9, 15
§ 504(c)(1)(2) ................................................................................9
§ 505 ...........................................................................15, 17, 19

28 U.S.C.

§ 1331 ................................................................................1
§ 1338(a) ................................................................................1
§1391(a)(2) ................................................................................1

Fed. R. Civ. Pro.

12(a)(1)(A)(i) ................................................................................6, 12
55(b)(2) ................................................................................1
55(a) ................................................................................5
55(b) ................................................................................5

## I.     INTRODUCTION

Plaintiff Michael Stewart ("*Plaintiff*") respectfully submits the instant Memorandum in support of his motion for a default judgment against Defendant, Project 1920, Inc ("*Defendant*") pursuant to Fed. R. Civ. Pro. 55(b)(2). Plaintiff brings this motion by reason of the fact that Defendant was properly served with the Summons and Complaint in this action yet failed to timely appear or otherwise respond to same. As a result, Plaintiff asked the Clerk of the Court to enter a notation of default, which request was granted. Consequently, Plaintiff seeks a default judgment in the total amount of $15,816. This sum is comprised of the following amounts: (1) statutory damages for direct infringement in the amount of $10,825.00; (2) attorneys' fees in the amount of $4,500.00; and (3) costs in the amount of $491.00.

## II.     JURISDICTION AND VENUE

This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331. This Court has personal jurisdiction over Project 1920, Inc because it maintains its principal place of business in San Francisco County, California. Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## III.     PROCEDURAL POSTURE

Plaintiff commenced this action upon the filing of a Complaint with this Court on February 14, 2024. *Dkt. No.* 1, et seq. The Clerk of the Court issued the requested summons on February 14, 2024. *Dkt. No.* 5. Project 1920, Inc was served with process on February 16, 2024, and proof of such service was filed with the Court that day. *Dkt. No.* 8. As a result, Defendant's Answer was due on or before March 8, 2024.

As a result of Defendant's failure to appear or otherwise respond to the

Complaint within the time prescribed by Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff filed a request for the clerk to issue a certificate of default against Defendant on May 12, 2024. *Dkt. No.* 9. The Clerk entered a notation of default on May 12, 2024. *Dkt. No.* 10. Plaintiff now brings the instant motion for entry of a default judgment.

## IV. **PARTIES**

Plaintiff Michael Stewart is an individual who is a citizen of the State of New York and resides in Manhattan, New York.

Upon information and belief, Defendant Project 1920, Inc, is a Delaware corporation with a principal place of business at 441 Jackson Street, San Francisco, California.

## V. **STATEMENT OF FACTS**

This is an action for copyright infringement. Plaintiff's claims arise from Defendant's unlawful expropriation and publication of one (1) copyright protected photograph created by Plaintiff. The facts of this case are set forth at length in the Complaint filed in this action (*Dkt. No.* 1) as well as in the accompanying Declaration of Michael Stewart (the "*Stewart Dec.*"). Consequently, for the sake of judicial economy, the facts are merely summarized herein, for context only.[1]

Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs he authors which he licenses to online and print publications. Plaintiff has invested significant time and money in building his photograph portfolio. *Dkt. No.* 1 at ¶¶ 13-14; *Stewart Dec.* at ¶¶ 3, 4. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the

---

[1] Since this is a default case, all factual allegations in Plaintiff's Complaint must be accepted as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

"*USCO*") which cover many of Plaintiff's photographs, while others are the subject of pending copyright applications. *Dkt. No.* 1 at ¶ 15; *Stewart Dec.* at ¶ 6.  Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests. *Dkt. No.* 1 at ¶ 16; *Stewart Dec.* at ¶ 5.

Defendant owns and operates a website known as senreve.com (the "*Website*") along with the @Senreve social media accounts on Instagram.com, Facebook.com, and Twitter.com (the "*Accounts*"). *Dkt. No.* 1. at ¶¶ 3-6.  Upon information and belief, Defendant monitors the content on its Website and Accounts. *Dkt. No.* 1 at ¶ 42.  Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.  *Dkt. No.* at ¶ 37.

On May 18, 2023, Plaintiff published a photograph of the American actress Angelina Jolie (the "*Photograph*"). *Dkt. No.* 1 at ¶ 17; *Dkt. No.* 1-1; *Stewart Dec.* at ¶ 7.  Plaintiff applied to the United States Copyright Office (the "*USCO*") to register the Photograph and on August 13, 2023, the Photograph was so registered under Registration No. VA 2-361-925. *Dkt. No.* 1 at ¶ 19; *Stewart Dec.* at ¶ 8.

On August 9, 2023, Plaintiff observed the Photograph on the Website and the Accounts. *Dkt.* No. 1 at ¶ 33; *Dkt. No.* 1-2; *Stewart Dec.* at ¶ 9. The Photograph was displayed on the Website at URL: https://www.senreve.com/pages/as-seen-on. *Dkt. No.* 1 at ¶ 27; *Stewart Dec.* at ¶ 10. The Photograph was stored at URL: https://www.senreve.com/cdn/shop/files/Angelina_Jolie.jpg?v=1684777134. *Stewart Dec.* at ¶ 11. The Photograph was displayed on the Accounts at URLs: https://www.facebook.com/photo/?bid=292292177854831&set=pcv.29229218278 54826, https://www.instagram.com/p/CstsmuKR0z2/?img_index=1, and https://twitter.com/senreve/status/1662159445227634688 (herein referred to as the "*Infringement*"). *Dkt. No.* 1 at ¶¶ 28-30; *Dkt. No.* 1-2; *Stewart Dec.* at ¶ 10.  The Infringement is an exact copy of the entirety of Plaintiff's original image that was

directly copied and stored by Defendant on the Website and the Accounts. *Dkt. No*. 1 at ¶ 36; *Stewart Dec.* at ¶ 13. As of the date of this motion, the Photograph is still stored on Defendant's Website and posted on the Accounts. *Stewart Dec.* at ¶ 12.

Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement. *Dkt. No.* 1 at ¶ 43; *Stewart Dec.* at ¶ 19. Upon information and belief, the Infringement increased traffic to the Website and Accounts and, in turn, caused Defendant to realize an increase in its revenue. *Dkt. No*. 1 at ¶ 44; *Stewart Dec.* at ¶ 18. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website and Accounts. *Dkt. No*. 1 at ¶ 45; *Stewart Dec.* at ¶ 20.

Plaintiff did not authorize Defendant's use of his Photograph, license Defendant the right to use his Photograph in any manner, nor did he assign any of his exclusive rights in the Copyright to Defendant. *Dkt. No*. 1 at ¶ 34; *Stewart Dec.* at ¶ 14. As a result of Defendant's misconduct, Plaintiff has been substantially harmed. *Dkt. No*. 1 at ¶ 52; *Stewart Dec.* at ¶ 20. Plaintiff has been deprived of the benefit of his work and copyright, to the extent that Defendant did not purchase a license from Plaintiff to use the Photograph and separately derived profits from the Infringement.

On January 16, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning the Infringement. *Dkt. No*. 1 at ¶ 49. Defendant failed to respond, and Plaintiff was forced to seek judicial intervention. *Dkt. No*. 1 at ¶ 50.

On March 29, 2024, Plaintiff, via counsel, sent an email to various potential email addresses for Defendant notifying it of the Clerk's entry of default and Plaintiff's willingness to discuss a potential settlement. *See Declaration of Jacqueline Mandel Attached at* ¶ 3(e)*.* On April 4, 2024, Plaintiff received a response

from Coral Chung at coral@senreve.com stating that Defendant was unaware of the lawsuit. *Id.* On April 5, 2024, Plaintiff responded by explaining when and where Defendant was served with a copy of the Complaint and Summons, where the request for default was mailed to, and where the audit letter was sent prior to filing suit. *Id.* Plaintiff again stated his willingness to discuss a potential settlement. *Id.* Plaintiff did not receive any response from Ms. Chung or any other representative from Defendant after this April 5, 2024 correspondence. *Id.* Despite Defendant having been personally served with process and its acknowledgement of the lawsuit, Defendant has failed to respond to the Complaint or otherwise appear in this action and has not removed the Photograph from its Website or Accounts, thereby rendering the Infringement willful.

## VI.   <u>ARGUMENT</u>

Plaintiff respectfully requests that a default judgment be entered against Defendant, insofar as all of the procedural and substantive requirements have been met to establish Plaintiff's *prima facie* claims.

### A. The Procedural Requirements for Entry of a Default Judgment <u>Have Been Met</u>

The Federal Rules of Civil Procedure ("*FRCP*") describe a two-step process for the entry of a default judgment. FRCP 55(a)-(b). First, the Clerk of the Court must enter a default where the plaintiff demonstrates that the defendant has failed to plead or otherwise defend the action. FRCP 55(a). Second, following the entry of the notation of default, the Court may enter a default judgment upon application by the plaintiff. FRCP 55(b).

In this action, all of the applicable procedural requirements for entry of a default judgment have been satisfied. More specifically, Plaintiff commenced this action upon the filing of a Complaint with this Court on February 14, 2024. *Dkt. No.* 1, et seq. The Clerk of the Court issued the requested summons on February 14,

2024. *Dkt. No.* 5. Project 1920, Inc was served with process on February 16, 2024, and proof of such service was filed with the Court that day. *Dkt. No.* 8. As a result, Defendant's Answer was due on or before March 8, 2024.

As a result of Defendant's failure to appear or otherwise respond to the Complaint within the time prescribed by Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff filed a request for the clerk to issue a certificate of default against Defendant on May 12, 2024. *Dkt. No.* 9. The Clerk entered a notation of default on May 12, 2024. *Dkt. No.* 10. In light of the foregoing, Plaintiff has satisfied all procedural requirements so as to entitle him to entry of a default judgment.

## B. The Substantive Requirements for Entry of a Default Judgment Have Been Met

As the Ninth Circuit has held, in order for a plaintiff to establish a *prima facie* claim for copyright infringement, it must simply show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). In the case-at-bar, Plaintiff has established a *prima facie* claim for copyright infringement insofar as it has: (i) presented the Court with a valid copyright registration for the subject Photograph; (ii) presented the Court with proof of Defendant's reproduction of the Photograph; and (iii) has attested that such reproduction was without Plaintiff's license, consent, or approval.

## C. The *Eitel* Factors Support Entry of a Default Judgment against Defendant

A district court considers the following factors (commonly known as the *Eitel* factors) in determining whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's claims; (3) the sufficiency of the complaint; (4) the sum of the money at stake; (5) the possibility of a dispute

concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy underlying the Federal Rules favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the Complaint, except those relating to … damages, will be taken as true. *TeleVideo*, 826 F.2d at 917-918. The Complaint is reviewed to determine whether the alleged facts support the requested relief. *Cripps v. Life Ins. Co. of No. Am*., 980 F.2d 1261, 1267 (9th Cir. 1992). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 498 (C.D. Cal. 2003).

### i.      Plaintiff Will Suffer Prejudice Unless a Default Judgment is Entered

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel,* 782 F.2d at 920. In this case, if a default judgment is not entered, Plaintiff will be denied a remedy until such time as Defendant decides and/or is permitted to participate in this action, which may never occur. Thus, there is sufficient likelihood of prejudice that weighs strongly in favor of granting a default judgment.

### ii.      Plaintiff's Claims Are Meritorious

The second and third *Eitel* factors require that the plaintiff "state a claim on which [it] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In this case, Plaintiff's Complaint pleads facts sufficient, as a matter of law, to establish that Defendant is liable for direct copyright infringement of Plaintiff's copyrighted Photograph in violation of 17 U.S.C. § 501. More specifically, Plaintiff has presented this Court with a certificate of registration for the Photograph and, as the Ninth Circuit has held, "[a] copyright registration is "prima facie evidence of the validity of the copyright and the facts stated in the certificate." *United Fabrics Int'l,*

*Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011).   In addition, the Complaint alleges that Defendant was responsible for the theft, copying and unauthorized display of Plaintiff's Photograph, and the Court must accept these allegations as true.  *Waters v. Mitchell*, No. C21-0087JLR, 2022 WL 1268169, at *2 (W.D. Wash. Apr. 28, 2022) ("[a]t the default judgment stage, well-pleaded factual allegations in the complaint, except those related to damages, are considered admitted and are sufficient to establish a defendant's liability") (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

### iii.   The Allegations of the Complaint are Sufficient to Establish Claims of Direct Copyright Infringement and Violations of 17 U.S.C § 1202

The third *Eitel* factor asks the Court to consider whether the allegations of the Complaint are sufficient to establish an infringement as a matter of law. Here, Plaintiff has presented proof of authorship of the subject Photograph, together with proof of registration with the USCO. This satisfies Plaintiff's *prima facie* burden of proof; *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). This is because under 17 U.S.C. § 401(c), a certificate of registration establishes a rebuttable presumption of ownership, originality, and validity in the Photograph; *S.O.S. Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989).

As to the second prong—copying of elements of the original work—a plaintiff must demonstrate "(1) circumstantial evidence of the defendant's access to the copyrighted work; and (2) substantial similarity between the copyrighted work and the defendant's work." *Universal City Studios, Inc. v. Film Ventures Int'l, Inc.*, 543 F. Supp. 1134, 1140 (C.D. Cal. 1982).

Here, Plaintiff has shown that Defendant clearly had access to the Photograph, insofar as it had been published by Plaintiff. As to the second element, to say that there is a "substantial similarity" between the works would be an understatement.

1  Indeed, a side-by-side comparison of Plaintiff's copyright protected Photograph and

2  Defendant's Infringement will yield a conclusion that they are identical. *Compare*

3  *Dkt No.* 1-1 with *Dkt. No*. 1-2.

4  ### iv.  <u>The Money at Stake Is Not Disproportionately Large</u>

5  The fourth *Eitel* factor focuses on the amount of money at stake in relation to

6  the seriousness of the defendant's conduct. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238

7  F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Under this factor, Courts frequently

8  evaluate the public's interest in ensuring the integrity of copyright laws by looking

9  at the severity of the infringers' conduct–where the infringing conduct is severe, a

10  Court is more likely to award higher statutory damages, as higher awards will deter

11  such conduct in the future. *Warner Bros. Enter. V. Caridi*, 346 F.Supp. 2d 1068,

12  1074 (C.D. Cal. 2004). Ultimately, if the sum of money at issue is "reasonably

13  proportionate to the harm caused by the defendant's actions, properly documented,

14  and contractually justified, then default judgment is warranted." *ACS Recovery*

15  *Servs., Inc. v. Kaplan*, No. CV 09-01304 JSW, 2010 WL 144816, at *6 (N.D. Cal.

16  Jan. 11, 2010) (internal citations omitted). Further, in a default judgment context,

17  not only are copyright plaintiffs entitled to elect statutory damages over actual

18  damages, but in electing such statutory damages "the Court must accept as true

19  Plaintiff[s'] factual allegations that Defendant […] acted willfully." *Rolex Watch*

20  *U.S.A., Inc. v. Watch Empire LLC*, 2015 WL 9690322, at *4 (C.D. Cal. 2015).

21  Pursuant to 17 U.S.C. § 504(c)(1) and (2), in the context of statutory damages,

22  the range of a statutory damages award can fall anywhere between $750 and $30,000

23  per work infringed, however, where willfulness is found, such statutory damages

24  award may be increased to as much as $150,000. 17 U.S.C. § 504(c)(1)(2). In fact,

25  even total recoveries (i.e., for multiple infringements, as in the current case) that

26  have exceeded $150,000 have been deemed "not proportionately large" for purposes

27  of this *Eitel* factor. *See Amini Innovation Corp. v. KTY Intern. Marketing*, 768

28

SANDERS
LAW GROUP
SLG

F.Supp.2d 1049 (C.D. Cal. 2011) (finding total recovery of $151,000 for five claims of copyright infringement not proportionally large given value of works infringed and that "due to Defendant's lack of participation in this suit, [Plaintiff] has been robbed of the opportunity to actually prove its damages, which may be much larger than statutory damages."); *see also Rolex Watch U.S.A., Inc.,* 2015 WL 9690322, at *4 (on a default judgment, finding award of maximum statutory damages for each of five infringements "reasonably proportionate to the harm Defendant caused"); *see also Getty Images (U.S.), Inc. v. Virtual Clinics*, 2014 WL 1116775, at *2-3 (W.D. Wa. 2014) (in default judgment context, although amounts of infringer's profits and plaintiff's lost revenues are uncertain and likely "relatively modest," the maximum statutory damages award was nevertheless appropriate, given that plaintiff's images are "particularly subject to adverse commercial consequences when they are infringed because the images lose their exclusivity" and that "the broader impact of infringement on revenue generation supports a heightened statutory damages award").

In this case, Plaintiff is seeking statutory damages in the amount of $10,825.00 ($2,165.00 for what would have been the licensing fee, multiplied by a factor of five (5) by reason of Defendant's willful infringement of the Photograph). Plaintiff submits this amount to be reasonable, relatively modest, and proportionate to the harm caused by Defendant, and is also warranted to deter future infringements by this Defendant, as well as other would-be infringers.

Here, since Defendant has defaulted, the Court may find that Defendant acted willfully, merely by virtue of its default. *See Globe Ent. & Media, Corp. v. Glob. Images USA*, No. 220CV11630CASKSX, 2022 WL 2703845, at *6 (C.D. Cal. July 11, 2022) ("[w]here the defendant has defaulted, willful copyright infringement is proven") (quoting *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007)).

1    Courts have properly found that where a defendant fails to remove an

2    infringement after being notified of same, willfulness is established.  See, e.g., *Batra*

3    *v. PopSugar, Inc*., No. 18-CV-03752-HSG, 2019 WL 482492, at *2 (N.D. Cal.

4    2019); *Globe Ent. & Media, Corp.,* 2022 WL 2703845, at *6 (citing *Dolman v. Agee,*

5    157 F.3d 708, 714-715 (9th Cir. 1998)) (willful copyright infringement established

6    where the defendant has continued to display the infringement despite being

7    informed it was infringing); *see also Stewart v. Shivley,* No. 1:18-CV-01703-MC,

8    2019 WL 5589077, at *3 (D. Or. 2019) (finding willfulness where complaint alleged

9    defendant published photos and omitted attribution to plaintiff as author); *Stross v.*

10   *Z Lifestyle LLC*, 2020 WL 13556135, at *2, (S.D. Cal. 2020).

11   Here, Plaintiff has similarly established this willfulness in light of Defendant's

12   appropriation of the Photograph to its Website and Accounts despite actual

13   knowledge that it is displaying it without a license to do so.

### v.    The Material Facts have not been Disputed

15   When a Defendant defaults, all well-pleaded allegations in the Complaint,

16   except those relating to damages, are accepted as true. *TeleVideo Sys. Inc.,* 826 F.2d

17   at 917-18. In this case, Plaintiff's Complaint alleges facts necessary to support its

18   claim for direct copyright infringement, and no dispute has been raised as to the

19   material allegations in the Complaint.

### vi.    Defendant's Default was not due to Excusable Neglect

21   Under the sixth *Eitel* factor, the Court considers whether the Defendant's

22   default resulted from excusable neglect. Due process requires that interested parties

23   be given notice of an action and be afforded an opportunity to object before final

24   judgment issues. *Mullane v. Central Hanover Trust Co*., 339 U.S. 306, 314 (1950).

25   Therefore, Plaintiff had no alternative but to commence the action to which

26   Defendant has strategically defaulted. Further, despite such notice and conversation,

27   Defendant did not remove the Photograph from the Website.

28

1   Defendant was served with a true and correct copy of the Summons and

2   Complaint on February 16, 2024. *Dkt. No.* 8. Plaintiff received no communication

3   from Defendant.

4       Defendant failed to file an answer or otherwise respond to the Complaint, and

5   the time within which to do so has expired and has not otherwise been extended.

6   Therefore, Defendant was given actual notice of the claim before and after

7   commencement of the litigation.  Defendant has chosen to ignore the litigation and

8   therefore its actions (or inactions) cannot be the product of excusable neglect.

9       ### vii.    Policy Favoring Decisions on the Merits is not Applicable

11      The final *Eitel* factor considers the preference for deciding cases on the merits.

12  However, "this factor, standing alone, cannot suffice to prevent entry of default

13  judgment for otherwise default judgment could never be entered." *Warner Bros.*

14  *Entm't Inc.*, 346 F.Supp.2d at 1073. In the instant case, the only reason this lawsuit

15  cannot proceed is because Defendant, after receiving proper notices, failed to appear.

16  Accordingly, this factor favors Plaintiff's Motion for Default Judgment.

17      In summation, the *Eitel* factors weigh heavily in Plaintiff's favor, and Plaintiff

18  respectfully requests that the Court grant this motion and enter a default judgment

19  against Defendant.

20      ### D. Plaintiff's Request for a Default Judgment for Direct Infringement is Appropriate

22      For the reasons previously discussed, Plaintiff's request for a default judgment

23  for Defendant's infringements of the Photograph is appropriate and warranted.

24  Section 504 of the Copyright Act sets forth the damages available to Plaintiff here.

25  Under Section 504(c), Plaintiff may elect an award of statutory damages of a sum

26  not less than $750 or more than $30,000, as the court considers just. Pursuant to

27  subsection 504(c)(2), where willful infringement is established, as it is in this case,

28

1  the Court in its discretion may increase the award of statutory damages of a sum of

2  not more than $150,000.

3          Plaintiff has elected to recover statutory damages, insofar as Defendant's

4  default has rendered it a practical impossibility to identify Plaintiff's actual damages.

5  Plaintiff has also shown that Defendant's infringement is willful, both by reason of

6  the default and by reason of Defendant's continued infringement, despite having

7  been notified of the Infringement and duly served with notice of this action.

8  Therefore, Plaintiff respectfully submits that a statutory damages award in the

9  amount of $10,825.00 is warranted. This award is both proportionate to the damage

10  incurred by Plaintiff, and sufficient to serve the well-established punitive and

11  deterrent purpose of these damages.

12          In support, it is respectfully submitted that statutory damages "are recoverable

13  without regard to the existence or provability of actual damages." *New Form, Inc. v.*

14  *Tekila Films, Inc.*, 357 F. App'x 10, 11 (9th Cir. 2009). Copyright owners are entitled

15  to statutory damages for each infringement with respect to any one work. *Peer Int'l*

16  *Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). "[S]tatutory

17  damages are appropriate in default judgment cases because the information needed

18  to prove actual damages is within the infringers' control and is not disclosed."

19  *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). In the current

20  case, Defendant's failure to participate in this action rendered a determination of

21  plaintiff's actual damages impossible. Courts in this Circuit and elsewhere have

22  regarded an award of $30,000 for similar infringements as appropriate, as in *Globe*

23  *Ent. & Media, Corp.* 2022 WL 2703845 and *Curet-Velàzquez v. ACEMLA De P.R.,*

24  *Inc.*, 656 F.3d 47, 52 (1st Cir. 2011).

25          A statutory damages award within the limits prescribed by Congress is

26  appropriate "[e]ven for uninjurious and unprofitable invasions of copyright." *New*

27  *Form, Inc.*, 357 Fed. Appx. at 11 (quoting *F.W. Woolworth Co. v. Contemporary*

*Arts, Inc.*, 344 U.S. 228, 233 (1952)). Unlike actual damages, statutory damages have a punitive purpose "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Service v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *F.W. Woolworth Co.*, 344 U.S. at 233). Courts regularly award amounts in excess of $100,000 for default judgments concerning copyright infringement.[2] Additionally, the Complaint alleges that Defendant acted willfully, which allegation of willfulness must be accepted as true in the context of a default judgment. *Rolex Watch U.S.A., Inc.*, 2015 WL 9690322, at *4).

Plaintiff elects to recover statutory damages in this case. Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photograph was registered with the USCO on April 25, 2016, well before the Infringement on April 2, 2019. The Court has wide discretion in determining the amount of statutory damages to be awarded, "constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

Here, Plaintiff was denied the right to seek actual damages because Defendant appropriated the Photograph for its own commercial purpose and then defaulted, thereby depriving Plaintiff of the ability to prove the benefit Defendant conferred on itself by stealing Plaintiff's Photograph. Therefore, the statutory award should be sufficient to punish Defendant for its brazen theft of Plaintiff's property.

//

2   See, e.g., *Amini Innovation Corp.*, 768 F. Supp. 2d at 1058 (awarding $150,000 in statutory damages); *Microsoft Corp. v. Nop*, 549 F. Supp. 2d at 1238 (awarding $970,000 in statutory damages); *Rovio Entm't Ltd v. Royal Plush Toys, Inc.*, 2014 U.S. Dist. LEXIS 37022, 2014 WL 1153780, at *3 (N.D. Cal. Mar. 20, 2014) (affirming the magistrate judge's recommendation to award $700,000 in statutory damages).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC

1

### E.  <u>Plaintiff Requests an Attorneys' Fee Award</u>

2

Plaintiff seeks an award of attorneys' fees pursuant to Sections 505 and

3   1203(b)(5) of the Copyright Act. 17 U.S.C. § 505 in the amount of $6,110.00. In a

4   copyright action, it is appropriate for a court to award a prevailing plaintiff

5   reasonable attorney's fees and costs. *See Frank Music Corp. v. Metro-Goldwyn-*

6   *Mayer Inc*., 886 F.2d 1545, 1556 (9th Cir. 1989).

7

The Copyright Act provides, in part: "the court may also award a reasonable

8   attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The

9   Supreme Court has established several principles and criteria to guide the award of

10  attorney fees under §505. "The statutory language, . . . clearly connotes discretion,

11  and eschews any precise rule or formula for awarding fees." *Kirtsaeng v. John Wiley*

12  *& Sons, Inc.,* 579 U.S. 197, 202, 136 S. Ct. 1979, 1985, 195 L. Ed. 2d 368 (2016)

13  (*quoting Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 114 S.Ct. 1023, 127 L.Ed.2d

14  455 (1994) ("*Fogerty*") (internal quotation marks omitted). "[A] district court may

15  not award [ ] attorney's fees as a matter of course; rather, a court must make a more

16  particularized, case-by-case assessment." *Kirstaeng*, 136 S. Ct. at 1985 *quoting*

17  *Fogerty*, 510 U. S. 533. (Internal quotation marks omitted).

18

The Supreme Court "noted with approval several nonexclusive factors to

19  inform a court's fee-shifting decisions: frivolousness, motivation, objective

20  unreasonableness[,] and the need in particular circumstances to advance

21  considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985

22  *quoting Fogerty*, 510 U. S. 534, n. 19. (internal quotation marks omitted).  The Court

23  went on to note that while "[t]here is no precise rule or formula for making these

24  determinations, but instead equitable discretion should be exercised in light of the

25  considerations we have identified." *Fogerty*, 510 U.S. 534 (*quoting Hensley v.*

26  *Eckerhart*, 461 U.S. 424, 436-437 (1983)) (internal quotation marks omitted).

27

"Where a plaintiff has obtained excellent results, his attorney should recover

28

a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. 424, 435 (1983).  Further, "[b]ecause section 505 is intended in part to encourage the assertion of colorable copyright claims, to deter infringement, and to make the plaintiff whole, *fees are generally awarded to a prevailing plaintiff*." *McCulloch v.* Albert *E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir. 1987) (internal citations omitted; emphasis supplied); *Berkla v. Corel Corp.*, 302 F.3d 909, 923 (9th Cir. 2002) ("Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal criterion"); *Historical Research v. Cabral*, 80 F.3d 377 (9th Cir. 1996) ("exceptional circumstances are not a prerequisite to an award of attorney's fees").  In this matter, not only is Plaintiff the prevailing party on his copyright claims, but in this case, the relevant factors strongly favor an award of attorneys' fees.

Of note, § 505 does *not* condition an award of fees on the showing of a willful infringement or frivolous suit. *Casella v. Morris*, 820 F.2d 362, 366 (11th Cir. 1987) (emphasis supplied); *see also Gallagher v. Lions Gate Entm't Inc.*, No. 2:15-CV-02739-ODW-E, 2015 WL 6478210, at *2 (C.D. Cal. Oct. 27, 2015) ("the discretion to award fees and costs does not require an explicit finding of bad faith or blameworthiness on behalf of the losing party"). Courts should keep in mind the purpose of the Copyright Act to promote creativity for the public good. *Id.*; *see also Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2012) ("The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act.").

## F.  The Non-Exclusive Factors Support an Award of Attorney Fees to Plaintiff

Following the Supreme Court, the Ninth Circuit has held: "In deciding whether to award fees under the Copyright Act, the district court should consider,

1   among other things: the degree of success obtained on the claim; frivolousness;

2   motivation; objective reasonableness of factual and legal arguments; and need for

3   compensation and deterrence." *VMG Salsoul, Ltd. Liab. Co. v. Ciccone*, 824 F.3d

4   871, 887 (9th Cir. 2016) (quoting *Maljack Prods., Inc. v. GoodTimes Home Video

5   Corp.*, 81 F.3d 881, 889 (9th Cir. 1996)).  These factors are "not exclusive and need

6   not all be met." Fogerty, 94 F.3d at 558; see also *Althouse v. Warner Bros. Entm't*,

7   2014 U.S. Dist. LEXIS 194872, at *4 (C.D. Cal. June 17, 2014) ("This list is not

8   exhaustive, and not every factor must be met in order to grant an award of fees and

9   costs.").  Although all factors need not be met, all factors support an award of

10  attorney fees to Plaintiff as discussed below.

### i.  Degree of Success Obtained

12  Plaintiff obtained complete success on his claims for copyright infringement

13  for its claim against Defendant for its infringements of Plaintiff's single work.  Thus,

14  the "degree of success" factor strongly supports an award of attorney fees to

15  Plaintiff.

### ii.  Frivolousness

17  Because Plaintiff prevailed completely as to all of the copyrighted works at

18  issue, Plaintiff's copyright claim is not frivolous as a matter of law. *Unicolors, Inc.

19  v. Kohl's Dep't Stores, Inc.*, 2017 U.S. Dist. LEXIS 112576, at *8 (C.D. Cal. Jan. 27,

20  2017) ("Plaintiff's suit is obviously not frivolous since it prevails on the merits.")

### iii.  Objective Reasonableness of Factual and Legal Arguments

23  Similarly, because Plaintiff prevailed completely in his motion for default

24  judgment as to the copyrighted work at issue, the objective reasonableness of

25  plaintiff's factual and legal arguments is also established. *Id.*

### iv.  Motivation

27  Plaintiff's motivation in bringing suit was to protect his copyrights, prevent

1    Defendant's infringement, and prevent harm to Plaintiff's business. *See Unicolors,*

2    *Inc.*, 2017 U.S. Dist. LEXIS 112576, at *8-9 ("Plaintiff's motivation in bringing the

3    suit is its desire to protect its copyright — action consistent with a purpose of the

4    Copyright Act."); *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d

5    1065, 1074-75 (D. Ariz. 2006) ("Film Corp.'s motivation is pursuing this litigation

6    is to protect its copyrights which is one of the objectives of the Copyright Act.").

7    Plaintiff was also motivated to bring this suit to deter Defendant (and other would-

8    be infringers) from appropriating his works in the future.

9                      **v.   Need for Compensation and Deterrence**

10          An award of attorney fees in this matter will further the dual goals of

11   compensating plaintiff and deterring defendant's conduct. *See Roach v. Tate Publ'g*

12   *& Enters.*, 2017 U.S. Dist. LEXIS 182884, at *20 (E.D. Cal. Nov. 2, 2017) ("fees

13   would account for the dual goal of compensating Plaintiff and deterring Defendants'

14   conduct"); *Oracle United States, Inc. v. Rimini St.*, 209 F. Supp. 3d 1200, 1215 (D.

15   Nev. 2016) ("court finds that an award of attorneys' fees is appropriate to deter

16   defendant Rimini from its pattern of infringing Oracle's copyrights, which started

17   when the business began and continued until the middle of this litigation.");

18   *Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1075 ("An award of attorneys'

19   fees would promote the protection of copyrights and further the goal of deterrence,

20   by encouraging infringement actions for such violations."). "The holder of a

21   copyright that has obviously been infringed has good reason to bring and maintain a

22   suit even if the damages at stake are small." *Kirtsaeng*, 136 S. Ct. at 1986. *see also*

23   *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) ("we are

24   particularly concerned that the small award for damages in this case is insufficient

25   to deter future copyright infringements such as the one at issue here").

26   //

27   //

28

### G. **Plaintiff's Fee Request is Reasonable**

The Copyright Act provides for awarding "a reasonable attorney's fee..." 17 U.S.C. § 505. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley* at 437. Although district courts enjoy "wide discretion in determining the reasonableness of an attorney's fees," the court begins from the premise that "[a]ttorney's fees are based on the lodestar calculation." *Perfect 10, Inc. v. Giganews, Inc.,* 2015 WL 1746484 (C.D.Cal March 24, 2015); *Brighton Collectibles, Inc. v. RK Texas Leather Mfg.,* No. 10–CV–419–GPC WVG, 2014 WL 5438532, at *3 (S.D.Cal. Oct. 24, 2014).

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 622 (9th Cir. 1993). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley* at 433.

### i.     **Reasonableness of the Hourly Rates**

"The reasonable rate should generally be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Hiken v. DOD*, 836 F.3d 1037, 1044 (9th Cir. 2016) (*quoting Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-1211 (9th Cir. 1986)) (*citing Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "The lodestar should be computed using an hourly rate that reflects the prevailing rate as of the date of the fee request…" *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016).

"To determine a reasonable hourly rate, the district court should consider: experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented." *Hiken*, 836 F.3d at 1044 (*quoting Chalmers*, 796 F.2d at 1211) (*citing Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). "The burden is on the fee applicant to produce evidence that the requested rates are in line with those prevailing in the community." *Hiken*, 836 F.3d at 1044 (*quoting Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)) (internal quotation marks omitted) (*quoting Blum*, 465 U.S. at 895 n.11). "In general, '[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Hiken*, 836 F.3d at 1044 (*quoting United Steelworkers of Am.*, 896 F.2d at 407). "The prevailing market rate is indicative of a reasonable hourly rate." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987); *United Steelworkers*, 896 F.2d at 407 ("[R]ate determinations in other cases ... are satisfactory evidence of the prevailing market rate.").

"Generally, the relevant community" for the purpose of determining the prevailing market rate "is the forum in which the district court sits." *Barjon v. Dalton,* 132 F.3d 496, 500 (9th Cir. 1997). Further unless counsel is working outside his or her normal area of practice, evidence that a billing rate was the usual rate the attorney charges for his or her services is evidence that the rate is comparable to the market rate. *Moore v. James H. Matthews & Co.,* 682 F.2d 830, 840 (9th Cir. 1982).

Plaintiff's attorneys herein billed at rates between $500 per hour and $750 per hour. Judges in this and other California districts have concluded that rates in the same range as those charged by Plaintiff's lawyers were reasonable for experienced counsel handling complex litigation. See *Perfect 10, Inc.,* 2015 WL 1746484

approving fee award with hourly rates for partners between $705 and $930, hourly rates for associates between $360 and $690, and hourly rates for paralegal and support staff between $245 and $345); *Amusement Art, LLC v. Life is Beautiful, LLC*, 2017 WL 2259672 (C.D. Cal. May 23, 2017) (approving fee award with attorney hourly billing rates between $450 and $865, and paralegals and support staff charging hourly rates between $215 and $380); *Armani v. Nw. Mut. Life Ins. Co.*, 2017 WL 3174894, (C.D. Cal. July 24, 2017) (hourly rates of $675 for partner and $450 for associate deemed reasonable in fee award).

### ii.    **Reasonableness of Hours Spent**

As discussed below, the reasonable hourly rates sought by plaintiff's counsel are in-line with the prevailing market rate for other lawyers practicing in the Central and Eastern Districts of California with similar experience and skill. The rates sought are below the persuasive (but non-binding) 2017-2018 locality adjusted *Laffey* Matrix. The rates sought are also materially below the rates recently opined on by a prominent attorney fee expert in another case involving copyright and trademark infringement issues. The rates are also in-line with roughly the 60th percentile of the American Intellectual Property Law Association Report of the Economic Survey from 2021 and are also below the rates awarded by other Northern and Central District Court judges. Respectfully, all of the submitted materials clearly support the following requested rates:

| Attorney | Education | Years | Rate |
|---|---|---|---|
| Craig B. Sanders | University of Pennsylvania Law School | 30 | $750 |
| Jacqueline Mandel | Capital University Law School | 7.5 | $500 |

In determining reasonable hours, the party requesting fees generally submits its time records justifying the hours claimed to have been expended. *See Chalmers*,

796 F.2d at 1210; cf. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (party requesting fees meets burden "by simply listing his hours and identifying the general subject matter of his time expenditures"). Plaintiff's counsel has submitted detailed time records indicating the amount of time spent on each task, the attorney performing the task, and the hourly rate charged. Plaintiff's counsel billed in tenths of an hour. The time was not "block billed" - that is, the time spent on each individual task was detailed.

| Timekeeper | Position | Hours | Rate | Extended |
|---|---|---|---|---|
| Craig Sanders | 30th Year Partner | 1.8 | $750.00 | $1,350.00 |
| Jacqueline Mandel | 7.5 Year Associate | 5.3 | $500.00 | $2,650.00 |
| Laura Costigan | Paralegal | 1.0 | $125.00 | $125.00 |
| Julie Busch | Paralegal | 1.7 | $150.00 | $255.00 |
| Ryan Feldman | Paralegal | .8 | $150.00 | $120.00 |
| Total | | 10.6 | | $4,500.00 |
| Costs | | | | $491.00 |

## A. <u>Plaintiff Seeks an Award of Costs</u>

In addition to regular taxable costs, allowable costs under section 505 include costs for service of process, depositions expenses, copying, computer assisted legal research, expert witness fees, and travel costs. *See, e.g., Kourtis v. Cameron,* 358 F. App'x 863 (9th Cir. 2009); *ExperExchange, Inc. v. Doculex, Inc.,* No. C–08–03875 JCS, 2010 WL 1881484, at *12 (N.D.Cal. May 10, 2010); *Yue v. Storage Tech. Corp.,* No. C07–05850 JW, 2008 WL 4184915, at *6 (N.D.Cal. Sept.5, 2008); *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253, 1258–1259 (9th Cir. 2006).

Plaintiff respectfully requests a cost award in the amount of $491.00, comprised of the following: (1) filing fee: $402.00; and (2) process server fees to serve the summons and complaint: $89.00. *See Exhibit 1 to the accompanying*

*Declaration of Jacqueline Mandel.*

## VII.   **CONCLUSION**

For all the reasons set forth above, Plaintiff asks the Court to enter a default judgment in the amount of $15,816 together with any such other and further relief as this Court deems just, equitable, and proper.

DATED: May 7, 2024

Respectfully submitted,

**SANDERS LAW GROUP**

By: */s/ Jacqueline Mandel*
Craig B. Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
Attorneys for Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PROJECT 1920, INC