**SANDERS LAW GROUP**
Craig Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.goup
File No.: 129236

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Stewart, | Case No. 5:24-cv-00884-PCP |
| Plaintiff, | **PLAINTIFF'S RULE 26(f) REPORT AND PROPOSED SCHEDULING PLAN** |
| v. | |
| Project 1920, Inc. d/b/a Senreve, | Judge: Hon. P. Casey Pitts |
| Defendant. | Complaint Filed: February 14, 2024 |

Plaintiff has been unable to meet and confer with defendant Project 1920, Inc. d/b/a Senreve ("*Defendant*") pursuant to this Court's Order, Fed. R. Civ. Pro. 26(f) and L.R. 16-9 and a default has been entered against Defendant. Therefore, Plaintiff solely submits this Rule 26(f) Report and Proposed Discovery Plan.

On January 16, 2024, Plaintiff emailed an audit letter to Defendant at hello@senreve.com requesting proof of licensing for Plaintiff's copyrighted photograph. Plaintiff obtained this email address from Defendant's website. Pursuant to Defendant's privacy policy, if the public would like to register a complaint, they can contact its Privacy Compliance Officer at hello@senreve.com. *See* https://www.senreve.com/pages/privacy. Plaintiff did not receive any response to this audit letter.

Plaintiff then commenced this action upon the filing of a Complaint with this Court on February 14, 2024. *Dkt. No.* 1, et seq. The Clerk of the Court issued the requested summons on February 14, 2024. *Dkt. No.* 5. Defendant is a Delaware corporation with a registered agent of VCorp Services, LLC at 108 W. 13th Street, Suite 100, Wilmington, Delaware 19801. Defendant's Delaware registered agent was served with process on February 16, 2024, and proof of such service was filed with the Court that day. *Dkt. No.* 8. As a result, Defendant's Answer was due on or before March 8, 2024.

As a result of Defendant's failure to appear or otherwise respond to the Complaint within the time prescribed by Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff filed a request for the clerk to issue a certificate of default against Defendant on March 12, 2024. *Dkt. No.* 9. The Clerk entered a notation of default on March 12, 2024. *Dkt. No.* 10.

Plaintiff mailed a copy of this Request for Default to Defendant to 441 Jackson Street, San Francisco, California 94111. This is the principal address, mailing address, and registered agent's address for Defendant on the California

Case No. 5:24-cv-00884-PCP
PLAINTIFF'S RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

Secretary of State's website. This mailing was returned on March 28, 2024 with a notation of "return to sender" and "unable to forward." Plaintiff conducted research to find an alternative address for Defendant. Defendant's website directs the public to contact its Privacy Compliance Officer at 5684 Bay Street, Suite 665, Emeryville, California 94608. *See* https://www.senreve.com/pages/privacy. Plaintiff proceeded to mail the Request for Default to this address on April 10, 2024. This mailing has not been returned.

Plaintiff also conducted research to determine a viable email address for Defendant. On March 29, 2024, Plaintiff's counsel sent an email to various potential email addresses for Defendant notifying it of the Clerk's entry of default and Plaintiff's willingness to discuss a potential settlement. *Attached hereto as Exhibit 1 are true and accurate correspondence between Coral Chung and Plaintiff's counsel.* On April 4, 2024, Plaintiff received a response from Coral Chung at coral@senreve.com stating that Defendant was unaware of the lawsuit. *Id.* On April 5, 2024, Plaintiff responded by explaining when and where Defendant was served with a copy of the Complaint and Summons, where the request for default was mailed to, and where the audit letter was sent prior to filing suit. *Id.* Plaintiff again stated his willingness to discuss a potential settlement. *Id.* Plaintiff did not receive any response from Ms. Chung or any other representative from Defendant after this April 5, 2024 correspondence.

After receiving no response from Defendant, Plaintiff filed a Motion for Default Judgment on May 7, 2024. *Dkt. No.* 11. A copy of this Motion was mailed to Defendant and emailed to Coral Chung.

Plaintiff apologizes for failing to request a continuance of the Case Management Conference sooner.

1. **Jurisdiction and Service:**

   This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331. No issue exists regarding personal jurisdiction or venue and all parties have been served.

2. **Brief Statement of the Case:**

   Plaintiff's claims arise from Defendant's unlawful expropriation and publication of one (1) copyright protected photograph created by Plaintiff. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs he authors which he licenses to online and print publications. Plaintiff has invested significant time and money in building his photograph portfolio. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs, while others are the subject of pending copyright applications. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

   Defendant is a handbag and accessory company that owns and operates a website known as senreve.com (the "*Website*") along with the @Senreve social media accounts on Instagram.com, Facebook.com, and Twitter.com (the "*Accounts*"). Upon information and belief, Defendant monitors the content on its Website and Accounts. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

   On May 18, 2023, Plaintiff published a photograph of the American actress Angelina Jolie (the "*Photograph*"). Plaintiff applied to the United States Copyright Office (the "*USCO*") to register the Photograph and on August 13, 2023, the Photograph was so registered under Registration No. VA 2-361-925.

On August 9, 2023, Plaintiff observed the Photograph on the Website and the Accounts. The Photograph was displayed on the Website at URL: https://www.senreve.com/pages/as-seen-on. The Photograph was stored at URL: https://www.senreve.com/cdn/shop/files/Angelina_Jolie.jpg?v=1684777134. The Photograph was displayed on the Accounts at URLs: https://www.facebook.com/photo/?bid=292292177854831&set=pcv.2922921827854826, https://www.instagram.com/p/CstsmuKR0z2/?img_index=1, and https://twitter.com/senreve/status/1662159445227634688 (herein referred to as the "*Infringement*"). The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website and the Accounts.  As of the date of this motion, the Photograph is still stored on Defendant's Website and posted on the Accounts.

Plaintiff did not authorize Defendant's use of his Photograph, license Defendant the right to use his Photograph in any manner, nor did he assign any of his exclusive rights in the Copyright to Defendant. a result of Defendant's misconduct, Plaintiff has been substantially harmed.. Plaintiff has been deprived of the benefit of his work and copyright, to the extent that Defendant did not purchase a license from Plaintiff to use the Photograph and separately derived profits from the Infringement.

3. **Legal issues:**

The key legal issue is whether Defendant willfully and intentionally copied and displayed Plaintiff's copyrighted Photograph on its Website and Accounts.

### 4. Motions:

There is currently a pending Motion for Default Judgment. At this time, Plaintiff does not know what other motions would be required as Defendant has failed to appear, and no discovery has been conducted.

### 5. Amendment of the Pleadings:

At this time, Plaintiff does not know whether the pleadings would need to be amended as Defendant has failed to appear or otherwise substantively discuss this matter with Plaintiff.

### 6. Evidence Preservation:

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information pursuant to Fed. R. Civ. P. 26(f).

### 7. Disclosures:

The parties have not yet exchanged initial disclosures but will do so per the code if Defendant appears in this action.

### 8. Discovery:

The parties have not yet engaged in discovery in this matter. Plaintiff intends to conduct discovery on the following topics, including through interparty written discovery, third-party written discovery, and depositions: (1) Internal policies and procedures regarding copyright compliance; (2) Complaints and demand letters received regarding intellectual property infringement; (3) Analytics for Defendant's Website and Accounts; (4) The status/titles of the individuals who posted Plaintiff's Photograph and the nature of their relationship with Defendant; (5) The ownership and payment for the domain name for Defendant's Website,

including the billing records from the domain name registrar; (6) Ownership, creation and operation of Defendant's Website and Accounts, including contracts and billing records for website developers and users; (7) Persons responsible for creating and maintaining content on Defendant's Website and Accounts; (8) Defendant's relationship with vendors and other retailers; and (9) Any other issues attendant to the claims set for in Plaintiff's Complaint and any Answer to the Complaint and Affirmative Defenses that may be filed by Defendant in the future.

At this time, Plaintiff does not anticipate any issues about disclosure or discovery of electronically stored information.

9. **Class Actions:**

This case is not a class action matter.

10. **Related Cases:**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief:**

Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 or, in the alternative, at Plaintiff's election, for each of its timely registered images, an award for statutory damages against Defendant in an amount between $750 and $30,000 for each non-willful infringement and up to $150,000.00 for each willful infringement pursuant to 17 U.S.C. § 504(c). Plaintiff is also entitled to the costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. §505.

**12. <u>Settlement and ADR:</u>**

Plaintiff is willing to engage in informal settlement negotiations and has relayed the same to Defendant. If Defendant appears in this action, Plaintiff believes a panel mediator would be appropriate.

**13. <u>Other References:</u>**

Plaintiff does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. <u>Scheduling</u>:**

See Exhibit A.

**15. <u>Trial:</u>**

Plaintiff requests that this case be tried by a jury and anticipates that trial will last approximately three court days.

**16. <u>Disclosure of Non-Party Interested Entities or Persons</u>:**

Plaintiff has filed his "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The following persons and corporations are known interested parties:
- Craig Sanders, Esq.
- Jacqueline Mandel, Esq.
- Michael Stewart
- Project 1920, Inc.

**17. <u>Professional Conduct</u>:**

Plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California.

Case No. 5:24-cv-00884-PCP

PLAINTIFF'S RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

**18. <u>Other issues</u>:**

At this time, Plaintiff is unaware of any other matters which the Court should take into account in setting the schedule.

DATED: May 9, 2024

                          **SANDERS LAW GROUP**

                          By: */s/ Jacqueline Mandel*
                          Jacqueline Mandel, Esq.
                          333 Earle Ovington Blvd, Suite 402
                          Uniondale, NY 11553
                          Tel: (516) 203-7600
                          Email: jmandel@sanderslaw.group
                          *Attorneys for Plaintiff*

# EXHIBIT 1

**Jacqueline Mandel**

To: 'Coral Chung'
Subject: RE: Michael Stewart v. Project 1920, Inc. - Northern District of California Case No. 5:24-cv-00884

Jacqueline Mandel, Esq.
**SANDERS LAW GROUP**
333 Earle Ovington Boulevard | Suite 402 | Uniondale, NY 11553
Phone: 516.203.7618
Fax: 516.282.7878
Email: jmandel@sanderslaw.group

CONFIDENTIALITY NOTICE: THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION. ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE, PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY. THANK YOU.

From: Jacqueline Mandel
Sent: Friday, April 5, 2024 8:48 AM
To: 'Coral Chung' <coral@senreve.com>
Subject: RE: Michael Stewart v. Project 1920, Inc. - Northern District of California Case No. 5:24-cv-00884

Hi Coral,

According to the Delaware Secretary of State website, Project 1920, Inc's registered agent is VCORP Services, LLC at 108 W. 13th Street, Suite 100, Wilmington, Delaware 19801. A copy of the complaint and summons were served at this location on February 16, 2024. Thus, Defendant must have filed an answer by March 8, 2024. Since we received no correspondence from Defendant, we filed a request for the clerk to enter default, which it did. We mailed a copy of this request for default to Defendant at 441 Jackson Street, San Francisco, California 94111 on March 12, 2024.

Prior to filing the lawsuit, we emailed a demand letter to hello@senreve.com on January 16, 2024. As we received no response to this letter, we filed the lawsuit. This lawsuit has already been filed so simply removing our client's copyrighted work is not enough to dismiss this case. The filing and service fees alone were $500. Please let me know if Defendant is interested in resolving this matter economically or if we should go forward requesting that the Court enter a default judgment against Defendant.

Jacqueline Mandel, Esq.
**SANDERS LAW GROUP**
333 Earle Ovington Boulevard | Suite 402 | Uniondale, NY 11553
Phone: 516.203.7618
Fax: 516.282.7878
Email: jmandel@sanderslaw.group

CONFIDENTIALITY NOTICE: THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION. ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE, PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY. THANK YOU.

1

> From: Coral Chung <coral@senreve.com>
> Sent: Thursday, April 4, 2024 7:13 PM
> To: Jacqueline Mandel <jmandel@sanderslaw.group>
> Subject: Re: Michael Stewart v. Project 1920, Inc. - Northern District of California Case No. 5:24-cv-00884
>
> Hi Jacqueline,
>
> We are not aware of this and have not received any documents or have been served previously. We have removed the Jolie image from the website.
>
>> On Mar 29, 2024, at 7:28 AM, Jacqueline Mandel <jmandel@sanderslaw.group> wrote:
>>
>> Good Morning,
>>
>> Plaintiff initiated the above referenced case on December 22, 2023. As Defendant was served with a copy of the complaint and failed to timely respond thereto, the Clerk has entered a default against it. We would like to reach a resolution in this matter before filing a motion for default judgment and having a judgment issued against Defendant. Please contact me at your earliest convenience so we may discuss this matter.
>>
>> Thank you,
>>
>> Jacqueline Mandel, Esq.
>> **SANDERS LAW GROUP**
>> 333 Earle Ovington Boulevard | Suite 402 | Uniondale, NY 11553
>> Phone: 516.203.7618
>> Fax: 516.282.7878
>> Email: jmandel@sanderslaw.group
>>
>> CONFIDENTIALITY NOTICE: THIS E-MAIL MESSAGE IS INTENDED FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT PROTECTED, COMMON INTEREST PRIVILEGED, AND/OR OTHER CONFIDENTIAL INFORMATION. ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE, OR DISTRIBUTION OF THIS MESSAGE AND/OR ITS ATTACHMENTS IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS MESSAGE, PLEASE CONTACT THE SENDER BY REPLY E-MAIL (OR OTHER IMMEDIATE MEANS) AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE AND ITS ATTACHMENTS, IF ANY. THANK YOU.

2

**PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES**

CASE NAME: Michael Stewart v. Project 1920, Inc.
CASE NO: 5:24-cv-00884-PCP

| Matter | Deadline | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | 7/15/24 | |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretrial Conference ("FPTC") | 1/14/25 | |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | 1/28/25 | |
| Last Day to File Motions (except Daubert and all other Motions in Limine) | 16 weeks before the FPTC | 1/28/25 | |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | 2/25/25 | |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | 3/18/25 | |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | 3/25/25 | |
| Last Day to File Daubert Motions | 7 weeks before the FPTC | 4/1/25 | |
| Last Day to File Motions in Limine (other than Daubert Motions) | 4 weeks before the FPTC | 4/22/25 | |
| Pretrial Conference | | 5/20/25 | |
| Trial | | | |